**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**OCTOBER 1999 SESSION**

FILED

January 25, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ALFONZO E. ANDERSON,** | * | No. W1999-02058-CCA-R3-PC |
| **Appellant,** | * | SHELBY COUNTY |
| **V.** | * | Hon. Joseph B. Dailey, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| **Appellee.** | * | |

For Appellant

R. Price Harris
100 North Main, Suite 926
Memphis, TN 38103

For Appellee

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED:

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

**OPINION**

The petitioner, Alfonzo E. Anderson, appeals the denial of post-conviction relief by the Shelby County Criminal Court on January 13, 1999. The petitioner contends that his attorney's representation during trial proceedings and on direct appeal was ineffective and warrants post-conviction relief. Specifically, the petitioner alleges in his brief the following deficient performance by trial counsel:

1. Trial counsel failed to fully investigate the petitioner's case, including failing to obtain a tape recording of exculpatory testimony by a witness during a preliminary hearing in juvenile court and failing to interview the petitioner's co-defendant.

2. Trial counsel did not provide the petitioner an opportunity prior to trial to review any available discovery.

3. Trial counsel failed to adequately review with the petitioner any motions filed on his behalf.

4. Trial counsel generally failed to adequately consult with the petitioner during trial proceedings and on direct appeal.

Following a thorough review of the record and the parties' briefs, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

On November 15, 1993, the petitioner was convicted by a jury in the Shelby County Criminal Court of one count of first degree felony murder and three counts of aggravated robbery. The petitioner received a sentence of life imprisonment for the felony murder conviction and sentences of twelve years imprisonment for each aggravated robbery conviction. The trial court ordered consecutive service of the life sentence and one twelve year sentence. Noting the overwhelming evidence of the petitioner's guilt, this court affirmed the petitioner's convictions and sentences on direct appeal. State v. Anderson, No. 02C01-9410-CR-00243, 1995 WL 555042, at *6 (Tenn. Crim. App. at Jackson, September 20, 1995), perm. to appeal denied, (Tenn. 1996).

The petitioner filed the instant petition for post-conviction relief in the Shelby County Criminal Court on August 30, 1996. The post-conviction court appointed counsel and, on September 11, 1998, conducted an evidentiary hearing. Following the hearing, on October 6, 1998, the petitioner filed an amended petition

for post-conviction relief. The post-conviction court denied relief, noting that "[t]he basis for this petition appears to lie more in the frustration of the defendant for having been convicted than in any ineffective assistance rendered by trial counsel." The court concluded:

> Based on the proof that was presented at the evidentiary hearing and the record in this cause, it is this Court's opinion that the Petitioner has failed to meet his burden in demonstrating that his trial attorney was ineffective in his representation. In fact, the contrary is borne out by the record. It appears to this court that Mr. Ballin's representation was outstanding in every regard. Petitioner's assertions are not grounded in fact, nor is there any indication that if his assertions were true there would have been any different result at the trial.

The petitioner bears the burden in post-conviction proceedings of proving any factual allegations in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). Moreover, on appeal, the findings of fact of the post-conviction court are afforded the weight of a jury verdict and are conclusive unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578-579 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). In particular, this court will not reassess the credibility of witnesses at the post-conviction evidentiary hearing or the weight and value to be given their testimony. State v. Burns, No. 02S01-9806-CC-00058, 1999 WL 1006315, at *5 (Tenn. at Jackson, November 8, 1999)(renumbered No. W1996-00004-SC-R11CD, 1999 Term)(publication pending). In contrast, we review de novo the post-conviction court's application of the law and the court's determination of mixed questions of law and fact. Id. at *6. Our supreme court has recently observed that the ultimate issue of ineffective assistance of counsel is a mixed question of law and fact. Id. Accordingly, our review of this issue is de novo.

In order to establish ineffective assistance of counsel in contravention of the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution, a petitioner must demonstrate that (1) counsel's performance was not within the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and that (2) counsel's deficient performance prejudiced the petitioner. Strickland v. Washington,

466 U.S. 668, 687-697, 104 S.Ct. 2052, 2064-2069 (1984). See also Henley, 960 S.W.2d at 579-580; Powers v. State, 942 S.W.2d 551, 557 (Tenn. Code. Ann. 1996). Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one. Henley, 960 S.W.2d at 580.

We conclude that the record before this court fails to establish any of the petitioner's allegations of ineffective assistance of counsel and, moreover, that there would be no precedential value to a full opinion in this matter. Accordingly, the matter is affirmed pursuant to Ct. of Crim. App. Rule 20.

_____
Norma McGee Ogle, Judge


CONCUR:


_____
John H. Peay, Judge


_____
Alan E. Glenn, Judge